UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Caffey Louise Morrison                                  Chapter 13
                                                                 Case No. ___
Debtor.

# Chapter 13 Plan

Address:        Debtor   92 Tatlock Circle, Covington, TN 38019

Plan Payment:

Debtor Shall Pay:   $ 620.00   Monthly         By: Social Security           (X) Direct Pay
     Or by:  ( ) Payroll Deduction

1. This Plan [Rule 3015.1 Notice]:
   (A) Contains a Non-standard Provision [See provision 19].                              (X) Yes   ( ) No
   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim   (X) Yes   ( ) No
       [See provisions 7 and 8].
   (C) Avoids a Security Interest or Lien. [See provision 12].                            ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:    ( ) Included in Plan    Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By: ( ) Debtor Directly  ( ) Wage Assignment   ( ) Trustee To:        Monthly Pmt.
                             ongoing payment begins
                             Approximate arrearage

5. Priority Claims:                                                                            Monthly Pmt.
                                                   Amount

6. Home Mortgage Claims:    ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:             Monthly Pmt.
                            ongoing payment begins
                            Approximate arrearage          Interest

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value    Interest Rate   Monthly Pmt.

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

| | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Santander (2013 Chevrolet Malibu) | $ 13,400.00 | 0.00% | $268.00 |
| First Heritage (hhg) | $ 1,000.00 | 0.00% | $20.00 |
| Conn's  (hhg) | $ 200.00 | 0.00% | $20.00 |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

   Collateral

10. Special Class Unsecured Claims:                Collateral Value    Interest Rate    Monthly Pmnt.

11. Student Loan Claims and Other Long Term Claims:
    ( ) Not Provided For    ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____ .

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:    ( ) _____ ;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:
    ( ) Assume    ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy  TN Bar #011908        Date   August 27, 2018
    Debtor's Attorney's Signature

August 28, 2018

910 > February 29, 2016